Filing # 21298083 Electronically Filed 12/05/2014 02:54:23 PM

### IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
### IN AND FOR POLK COUNTY, FLORIDA
### CIVIL DIVISION

JUSTIN PURDY,

    Plaintiff,

Case Number: _____

v.

INTEGRITY SOLUTION SERVICES, INC.,

    Defendant.

Division: _____

**JURY TRIAL DEMANDED**

_____/

### COMPLAINT

COMES NOW the Plaintiff, JUSTIN PURDY, ("Mr. Purdy"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, INTEGRITY SOLUTION SERVICES, INC, ("Integrity"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Purdy against the Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the TCPA, 47 U.S.C. § 227(g)(2), and the FCCPA, section 559.77(1), Florida Statutes, and section 34.01, Florida Statutes.

Page 1 of 9

3. The Defendants are subject to the provisions of the TCPA, the FDCPA, and the FCCPA, and are subject to the jurisdiction of this Court pursuant to section 48.193, Florida Statutes.

4. Venue is proper in Polk County because the acts complained of were committed and / or caused by Defendants within the County.

## PARTIES

5. Mr. Purdy is a natural person residing in Polk County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes.

6. Integrity is a Missouri corporation, with a primary business address of 20 Corporate Hills Dr., St. Charles, MO 63301.

7. The Florida Registered Agent for Integrity is Lexis Document Services, 1201 Hays Street, Tallahassee, FL 32301.

8. Integrity is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(7), Florida Statutes, in that it regularly attempts to collect debts originally due to another party. Integrity holds Florida Office of Financial Regulation Consumer Collection Agency license number CCA0900887.

## FACTUAL ALLEGATIONS

9. Sometime in or around April 2013, Mr. Purdy allegedly incurred a debt to an original creditor, Osprey Emergency Physicians ("Osprey") for medical services rendered to him or his minor children.

10. This debt ("the debt") arose from services which were primarily for family, personal, or household purposes and meets the definition of "debt" under 15 U.S.C. §1692a(5) and section 559.55(6), Florida Statutes.

11. Mr. Purdy never provided his current cell phone number, 863-899-3201 ("current cell phone number"), to Osprey during the April 2013 transaction which allegedly gave rise to the debt.

12. Mr. Purdy obtained his current cell phone number more than a year after the April 2013 transaction.

13. Sometime in or around October 2014, the debt was placed for collection or otherwise assigned or transferred to Integrity.

14. On or about October 3, 2014, Integrity obtained Mr. Purdy's Trans Union consumer credit report, which contained his current cell phone number. A record of the inquiry was recorded by Trans Union. **SEE PLAINTIFF'S EXHIBIT A.**

15. On or about October 6, 2014, Integrity placed a call to Mr. Purdy's current cell phone number utilizing an Automated Telephone Dialing System ("ADTS") as defined by the TCPA at 47 U.S.C. § 227(a)(1) in connection with an attempt to collect the debt.

16. The number appearing on the caller ID was 813-379-2038; this number belongs to Integrity or is/was used by Integrity.

17. Mr. Purdy is the only user of his cell phone and is considered the "wireless subscriber" pursuant to the TCPA. The calls were intended for Mr. Purdy, making him the "called party" pursuant to the TCPA.

18. Mr. Purdy answered the call "Hello" and repeated himself five to six times over the course of approximately ten seconds. At this point, a male Integrity collection representative came on the line, and, acting like she knew Mr. Purdy, asked, "Hey, Justin?"

19. Subsequently, Mr. Purdy asked the collector how she obtained his current cell phone number.

20. The collector said the number had "come over from the original creditor." Mr. Purdy asked when the debt was supposedly incurred, and the collector stated, "April 2013."

21. Mr. Purdy stated that he didn't have his current cell phone number a year and a half ago, so he did not believe the collector was telling the truth.

22. The collector said he "didn't pull the phone number out of thin air" and reiterated that Integrity had obtained the number from their client.

23. The collector's statements were false. Integrity obtained Mr. Purdy's phone number from Trans Union when it requested his consumer credit history.

24. The collector also asked Mr. Purdy if he still resided on "Elon Crescent." Mr. Purdy stated he did not. Integrity did not obtain a new address for Mr. Purdy during this phone call.

25. On or about November 3, 2014, Integrity placed another call to Mr. Purdy's current cell phone number via ATDS.

26. Mr. Purdy did not answer the call, as he was at work. However, he did redial the number on his Caller ID shortly afterward and spoke with a female debt collector.

27. In the call, the collector stated she worked for Integrity and that they were attempting to collect a debt owed to Osprey.

28. Mr. Purdy again asked how Integrity obtained his current cell phone number, because he did not give this number to Osprey. The collector replied that Integrity "has an autodialing system" which dials numbers automatically, and that she doesn't personally know what his cell phone number is. Mr. Purdy stated he understood what the collector was saying, but reiterated his question as to how Integrity actually obtained his number.

29. The collector again replied that the number is "automatically generated." At this point, Mr. Purdy suggested that Integrity had pulled his current cell phone number off his credit reports. The collector stated that Integrity "doesn't look at" anyone's credit reports and that the phone numbers are automatically generated by "the system," which then automatically places outbound calls.

30. On or about November 13, 2014, Mr. Purdy received another call on his current cell phone number from Integrity placed via ATDS at or about 9:30 A.M. The number appearing on the Caller ID this time was 813-902-3884. This number also belongs to Integrity, or is, or was, utilized by Integrity.

31. Mr. Purdy answered the phone "Hello" and repeated himself five to six times, over approximately a 10-second interval. The same female Integrity collector again attempted to collect the Osprey debt from Mr. Purdy.

32. None of the aforementioned calls placed by ATDS were for emergency purposes.

33. Mr. Purdy never consented to receiving calls from Osprey or Integrity on his cell phone number 863-899-3201.

34. Integrity did not mail of Mr. Purdy written notice of his rights as required by the FDCPA at 15 U.S.C. § 1692g(a).

35. Integrity's calls to Mr. Purdy were "communications" as defined by 15 U.S.C. § 1692a(2) and section 559.55(2), Florida Statutes.

36. Mr. Purdy has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE TCPA- 47 U.S.C. § 227, *et. seq.*

37. Mr. Purdy adopts and incorporates the above-numbered paragraphs 1-36 as if fully stated herein.

38. Integrity violated **47 U.S.C. § 227(b)(1)(A)(iii)** when it repeatedly called Mr. Purdy's current cell phone number using an automated dialing mechanism without his consent for non-emergency purposes.

39. Integrity knew it had no lawful right to call Mr. Purdy on his current cell phone number, since he had not provided the number to Integrity or to Osprey. Also, Integrity knew that it obtained his current cell phone number via a consumer credit reporting agency or other third-party database, which in no way constitutes express consent.

40. The true number of calls placed via ATDS is not known to Mr. Purdy, but is well known to Integrity and is contained in its business records.

41. Integrity is liable to Mr. Purdy for willfully and knowingly failing to comply with the TCPA.

42. Mr. Purdy is entitled to statutory damages and injunctive relief from potential future violations of the TCPA.

**WHEREFORE,** Mr. Purdy respectfully requests that this Honorable Court enter judgment against Integrity for:

    a. Statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) ($1,500 based solely on calls known to Mr. Purdy);

b. Statutory treble damages of $1,500.00 for each willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3) (**$4,500** based solely on calls known to Mr. Purdy);

c. Equitable relief enjoining Integrity from further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A); and

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

43. Mr. Purdy adopts and incorporates the above-numbered paragraphs 1-36 as if fully stated herein.

44. Integrity's conduct violated **15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f** in that the it used false representation and deceptive means to collect a debt by: (a) attempting to collect a debt by placing calls to Mr. Purdy's cell phone via ATDS, despite knowledge that federal law prevented it from doing so; (b) falsely stating it did not obtain Mr. Purdy's current cell phone number from a credit reporting agency; and (c) continuing to attempt to collect a debt after more than five days past the initial communication on October 6, 2014, as it had not sent Mr. Purdy written notice of his rights as required by the FDCPA.

45. Integrity's conduct violated **15 U.S.C. § 1692g(a)** in that it failed to provide written notice of the name of the creditor and the amount owed, along with his statutory rights pursuant to the FDCPA, within five days of initial communication, and the Integrity was aware of this because: (a) Mr. Purdy stated he did not live on Elon Crescent any longer; and (b) Integrity did not obtain Mr. Purdy's current address during its initial communication with him.

46. Integrity's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Purdy respectfully requests this Honorable Court enter judgment against Integrity for:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    c.    Such other relief that this Court deems just and proper.

## COUNT III
### VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq.*

47.    Mr. Purdy adopts and incorporates the above-numbered paragraphs 1-36 as if fully stated herein.

48.    Integrity's' conduct violated section **559.72(9)**, Florida Statutes, in that it asserted, both verbally in phone calls and via its actions, that it had a right to call Mr. Purdy by ATDS to collect a debt, despite knowledge that it lacked the requisite express consent pursuant to the TCPA.

**WHEREFORE,** Mr. Purdy respectfully requests that this Honorable Court enter judgment against Integrity for:

    a.    Statutory damages of **$1,000** pursuant to section 559.77(2), Florida Statutes;

    b.    Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and

    c.    Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Mr. Purdy demands a jury trial on all issues so triable.

Respectfully submitted this 5th day of December, 2014, by:

> /s/ Christina M. Cowart
> Christina Cowart
> Florida Bar # 27644
> Seraph Legal, P.A.
> 2002 E. 5th Avenue, Suite 104
> Tampa, FL 33605
> (813) 567-1230
> ccowart@seraphlegal.com
> Attorney for Justin Purdy

10/6/2014      TransUnion Online Investigation Service: Credit Report and Request Details

**TransUnion.** Online Dispute Service     **EXHIBIT A**     JUSTIN M. PURDY

Help

# Credit Report and Request Details

Printable Disclosure or Report

Please review your credit report carefully. If you would like to request an investigation or change of information for any item, click the **Investigate** or **Update** button next to that item..You can edit a request by clicking the **Update** button at any time.

After you have completed all requests for this file, click the **Continue** button to review the summary of your requests. You may click the ❓ button in a section to learn more on how to compose a request for the items in that section.

Once on the Investigation Summary page, you will have the opportunity to upload documents to support your account investigation requests. Be sure to gather all necessary supporting documents, if applicable, before proceeding. The total size of all attachments may not exceed 2.5 megabytes. Acceptable file formats are .jpeg, .tif and .pdf, and we cannot accept compressed or password-protected files.

NOTE: Clicking the **Continue** button saves your requests but does not submit them. To make sure your requests are sent to TransUnion, complete all your requests, then go to the Investigation Summary page, upload your documents, if applicable, and click Submit.

## Credit File Details

| CURRENT FILE | FILE NUMBER | 339196835 | NAME | JUSTIN M. PURDY |
|---|---|---|---|---|
| | REPORT DATE | 10/06/2014 | ADDRESS | [redacted] |

**CREDIT FILE SECTIONS**
1. Personal Information
2. Telephone Numbers Reported
3. Addresses Reported
4. Employment Data Reported
5. Adverse Accounts
6. Satisfactory Accounts
7. Regular Inquiries
8. Promotional Inquiries
9. Account Review Inquiries
10. Consumer Statement
11. Credit Report Messages
12. End of Report

You may see that TransUnion has enriched your credit report with additional personal and financial information not previously retained in our production database. This data can enable you and your creditors to see a more complete picture of how you have managed your credit over time.

### Personal Information

>> Details
SSN: XXX-XX-5652
Your SSN has been masked for your protection.
Names Reported:
JUSTIN M. PURDY

You have been on our files since 09/13/2007
Date of Birth: 08/10/1989

### Addresses Reported

Address     Date Reported

[redacted]

Request updates

### Telephone Numbers Reported

[redacted]

Request updates

### Employment Data Reported

Employer Name     Position     Date Hired     Date Verified

https://onlinedispute.transunion.com/oda/do/checkUserIndicativeInput     1/

10/6/2014          TransUnion Online Investigation Service: Credit Report and Request Details

### Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your score.

### Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries, certain collection companies may have access to other collection company inquiries, and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

**PINNACLE FINANCIAL G via INTEGRITY SOLUTION SVCS**
7825 WASHINGTON
STE 310
MINNEAPOLIS, MN 55439
(800) 732-6877
Requested On: 10/03/2014
Permissible Purpose: COLLECTION



https://onlinedispute.transunion.com/oda/do/checkUserIndicativeInput      7